# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

*United States of America v. Charles Jeffery Mosley, Jr.*
Case No. 3:17-cr-00100-TMB

By: THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS: ORDER FROM CHAMBERS

The matter comes before the Court on Defendant Charles Jeffery Mosley, Jr.'s Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (the "Motion").[1] Mosley, age 43, argues that there are extraordinary and compelling medical reasons warranting his immediate release, that he is eligible for a sentence reduction under U.S. Sentencing Guideline ("U.S.S.G.") Amendment 821, and that his sentence aligns with the 18 U.S.C. § 3553(a) factors.[2] The United States (the "Government") and United States Probation & Pretrial Services ("USPO") oppose the Motion.[3] For the following reasons, the Court **DENIES** the Motion.

### A. Background

On October 2 2017, Mosley pleaded guilty to Possession with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (Count 1); and Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count 3), and he admitted to a criminal forfeiture allegation.[4] In the underlying offense, Anchorage Police Department ("APD") stopped Mosley for speeding and, upon discovering he was on probation, searched Mosley's vehicle.[5] Although Mosley denied there was any contraband in the vehicle, APD found a semi-automatic pistol, 257.16 grams of heroin in numerous baggies, a digital scale, and two cell phones.[6] Mosley admitted that he possessed the heroin intending to distribute it.[7]

On March 8, 2018, Mosley was sentenced to a mandatory minimum sentence of 120 months of imprisonment pursuant to an enhanced statutory penalty under 21 U.S.C. § 851, followed by eight years of supervised release.[8] He has served approximately 62 months of his federal sentence and 21 months of his state parole violation sentence and has a projected release date of July 15, 2027.[9]

---

[1] Dkt. 56 (*Pro Se* Motion for Sentence Reduction); Dkt. 57 (Amended Motion and Memorandum for Reduction in Sentence).
[2] Dkt. 57 at 1–4.
[3] Dkt. 64 (Government Response); Dkt. 63 (Sealed Amended USPO Memo).
[4] Dkt. 20 (Minute Entry); *see* Dkt. 18 (Plea Agreement) at 3.
[5] Dkt. 18 at 4–5.
[6] *Id.* at 5.
[7] *Id.*
[8] Dkt. 34 (Minute Entry); Dkt. 37 (Judgment).
[9] Dkt. 63 at 2; Dkt. 57 at 3; *see* BOP Inmate Locator, https://www.bop.gov/inmateloc/.

He is currently housed at Federal Correctional Institution ("FCI") Beckley.[10] In November 2022, Mosley filed a motion for compassionate release based on several health issues.[11] The Court denied his request without prejudice, noting that he may file a new motion with additional evidence regarding his medical conditions.[12]

In his present Motion, Mosley argues there are several extraordinary and compelling reasons warranting his release.[13] First, he submits that his recent lupus diagnosis constitutes an extraordinary and compelling reason for release because it is a "serious medical condition that substantially diminishes his ability to provide self-care within the environment of a correctional facility" and "requires long-term or specialized medical care that is not being provided and without which he is at risk of serious deterioration."[14] He argues that lupus places him "in greater danger of contracting diseases and infections" and alleges he "has encountered delays and disruptions in care due to a lack of providers and shortage of medicine," such that he "face[s] a worse medical outcome [in BOP custody] than if he is released to the community."[15] For instance, he alleges BOP has failed to renew necessary medication and schedule exams for reported visual deterioration; that management of his hypertension and anemia diagnoses depends on diet and lifestyle monitoring that is "harder to accomplish in a prison setting"; and that he needs frequent clinical encounters that are "contingent on the availability of staff and resources."[16] He argues that release would allow him to "seek prompt care for his medical problems as they arise and exert greater control over his condition without the added complications posed by the BOP's healthcare system."[17]

Next, Mosley argues that changes to his sentencing range under Amendment 821 and current U.S. Department of Justice ("DOJ") policy constitute "other reasons" warranting his release under U.S.S.G. § 1B1.13(b)(5).[18] Although he was sentenced subject to a ten-year mandatory minimum under the § 851 enhancement, he argues that because he committed the offense conduct while on probation, retroactive application of Amendment 821 would result in a lower criminal history score and a revised sentencing range of 57 to 71 months.[19] Further, he argues that the DOJ "adopted a more nuanced approach to recidivist sentencing penalties" after his sentencing and cites a December 2022 DOJ memorandum enumerating certain criteria under which statutory sentence enhancements may be inappropriate.[20] He submits that he largely satisfies this criteria and is "the kind of offender eligible . . . for a non-enhanced sentence" and that "[t]he disparity between the sentence imposed and [his] likely sentence under today's law may be considered extraordinary and

---

[10] Dkt. 63 at 2.
[11] Dkt. 40 (First Motion for Compassionate Release).
[12] Dkt. 49 (Order Denying First Motion for Compassionate Release).
[13] Dkt. 57 at 1.
[14] *Id.* at 7–12 (citing U.S.S.G. §§ 1B1.13(b)(1)(B)(i) & (C)).
[15] *Id.* at 2.
[16] *Id.* at 11–12.
[17] *Id.* at 12.
[18] *Id.* at 2–3.
[19] *Id.* at 15.
[20] *Id.* at 13–14.

compelling" or "may be considered in combination with the other circumstances present to bolster a finding of extraordinary and compelling reasons."[21]

Last, Mosley asserts that the 18 U.S.C. § 3553(a) factors support his release.[22] He maintains that the time he has served is greater than the low end of his amended sentencing range and "is sufficient to satisfy the purposes of sentencing," that his requested reduction is "modest," and that "degrading conditions of confinement have rendered [his] term of incarceration harsher and more punitive than the Court contemplated at sentencing."[23] He also argues that he "would not pose a danger to the public" because he has "maintained clear conduct" with "minor and infrequent" disciplinary violations, has "completed several vocational programs" while in BOP custody, and can obtain housing with family members in Anchorage.[24] He intends to work on the North Slope and agrees to any condition requiring him to reside at a transitional living program upon release.[25]

Along with his Motion, Mosley submits his request to the Warden at FCI Beckley[26]; a letter to the Court and proposed release plan[27]; certificates of completion for BOP programming[28]; medical records[29]; and a September 2023 email from Mosley to his counsel describing medical symptoms.[30]

Opposing the Motion, the Government argues that Mosley's "health is manageable in custody," that "there is no [sentencing] disparity," and that "the § 3553(a) factors do not warrant his early release."[31] Although it recognizes that "[s]ome courts have found that lupus and/or autoimmune disease[s] are extraordinary and compelling,"[32] it asserts that BOP is adequately managing his care and symptoms, including treating him for pain, allergies, and other health conditions, and that his recent examinations show him to be in "reasonably good health."[33] The Government also disputes Mosley's argument regarding his ten-year mandatory minimum sentence, noting that "his possession of a gun in furtherance of a drug trafficking crime and as a felon excepts him from the change in DOJ charging policy" and that he "would likely receive the same sentence today" even with the reduction in his criminal history category and sentencing range because "57 to 71 months

---

[21] *Id.* at 15–16 (citing *United States v. Roper*, 72 F.4th 1097, 1103 (9th Cir. July 6, 2023); *United States v. Cruz*, No. 3:94-CR-112 (JCH), 2021 WL 1326851, at *11 (D. Conn. Apr. 9, 2021)).
[22] *Id.* at 16–17.
[23] *Id.*
[24] *Id.* at 17–18.
[25] *Id.*
[26] Dkt. 57-2 (Warden Letter).
[27] Dkt. 57-3 (Mosley Letter and Proposed Release Plan).
[28] Dkt. 57-4 (Certificates of Completion).
[29] Dkts. 58-1, 58-2 (Medical Records).
[30] Dkt. 57-7 (Mosley Email).
[31] Dkt. 64 at 1.
[32] *Id.* at 5 (citing *United States v. Russell*, No. 20-cr-45-GF-BMM, 2023 WL 6129013, at *4 (D. Mont. Sep. 19, 2023); *United States v. Sanchez*, No. 18-00140, 2020 U.S. Dist. LEXIS 70802 (D. Conn. Apr. 22, 2020)).
[33] *Id.* at 5–6; *see* Dkt. 65-1 (Medical Records).

remains below the 120-month mandatory minimum."[34] Regardless, the Government asserts, "Mosley remains a danger to the public" given the nature of his offense conduct, his criminal and substance abuse history, and his "multiple infractions" in BOP custody, which include destroying an item during a search, possessing a tool, fighting, and possessing tobacco.[35] As he has three years remaining on his ten-year sentence, "[r]eleasing him early would not promote respect for the law, reflect the seriousness of his conduct, provide adequate deterrence, or be just," and therefore the § 3553(a) factors do not support reducing his sentence."[36]

USPO opposes Mosley's early release.[37] It clarifies that although retroactive application of Amendment 821 would result in a two-point reduction in Mosley's criminal history points and an adjusted sentencing range of 57 to 71 months, the statute of conviction carried a ten-year mandatory minimum and thus Amendment 821 would not impact his sentence.[38] USPO further notes that, in addition to the offense conduct, Mosley has had several other disciplinary actions while in BOP custody.[39] However, it also notes that he has taken multiple education courses, completed drug counseling and drug education, qualified for the Residential Drug Abuse Program, and has maintained multiple employment assignments during his custodial time.[40] Regarding Mosley's lupus diagnosis, USPO observes that he is currently prescribed several medications for this and other conditions, has been undergoing examinations, and has been treated for related symptoms.[41] Thus, it suggests that BOP is providing necessary care and medications for his health conditions.[42] Citing the serious nature of Mosley's offense conduct, his ongoing danger to the community, and his original mandatory minimum sentence, USPO recommends against his compassionate release.[43]

### B. *Legal Standard*

1. <u>Amendment 821.</u>

United States Sentencing Guideline § 4A1.1(e) (added pursuant to Amendment 821, Parts A and B, subpart 1) reduced the points added to a defendant's criminal history category from two points to one point "if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instance offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status."[44]

---

[34] *Id.* at 6.
[35] *Id.*
[36] *Id.*
[37] Dkt. 63 at 4.
[38] *Id.* at 1.
[39] *Id.* at 2.
[40] *Id.*
[41] *Id.* at 3.
[42] *Id.* at 4.
[43] *Id.*
[44] U.S.S.G. § 4A1.1(e).

Under U.S.S.G. § 1B1.10, "[i]n a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) [including Amendment 821, parts A and B, subpart 1], the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)."[45] 18 U.S.C. § 3582(c)(2) allows a court to reduce a term of imprisonment for "a defendant whose term of imprisonment has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[46] A court may "not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range."[47]

The U.S. Sentencing Commission has recommended retroactive application of Parts A and B, subpart 1, of Amendment 821.[48] Under Miscellaneous General Order ("MGO") No. 23-07, "[t]he assigned judge may summarily grant the joint motion. . . . If a motion for reduction is granted, the judge will enter a new judgment and commitment order in that case using form AO 247 and indicating the effective date of the order as February 1, 2024, if that date is later than the date of the entry of the order."[49]

2. Extraordinary and compelling reasons for release.

The First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to allow defendants to move the district court for a sentence reduction after exhausting their administrative remedies.[50] After considering the applicable factors set forth in § 3553(a), a court may grant the motion if it finds "extraordinary and compelling reasons warrant such a reduction[.]"[51]

The U.S. Sentencing Commission recently amended U.S.S.G. § 1B1.13 to clarify what circumstances may constitute "extraordinary and compelling reasons" for granting compassionate release.[52] While the 2023 Amendments are non-retroactive, the Court may consider non-

---

[45] U.S.S.G. §§ 1B1.10(a)(1), (d).
[46] 18 U.S.C. § 3582(c)(2).
[47] U.S.S.G. § 1B1.10(b)(2)(A).
[48] *See* U.S.S.G. App. C., amend. No. 825; U.S.S.G. § 1B1.10, p.s. (effective Nov. 1, 2023 and operative Feb. 1, 2024); Miscellaneous General Order No. 23-07, District Protocol for Processing Applications Under Guidelines Amendment 821 at 1.
[49] MGO No. 23-07 at 5.
[50] *See* Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018).
[51] 18 U.S.C. § 3582(c)(1)(A).
[52] *See* U.S.S.G. § 1B1.13 (as amended Nov. 1, 2023); *Amendments to the Sentencing Guidelines, Policy Statements, Official Commentary, and Statutory Index* at *8 (2023) ("The amendment expands the list of specified extraordinary and compelling reasons and retains the 'other reasons' basis for a sentence reduction to better account for and reflect the plain language of section 3582(c)(1)(A), its legislative history, and decisions by courts made in the absence of a binding policy statement.").

retroactive changes to sentencing guidelines in deciding whether they provide an extraordinary and compelling basis to reduce a sentence.[53] Under the 2023 Amendments, extraordinary and compelling circumstances may exist if "[t]he defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons [listed], are similar in gravity to those described."[54] A court may look to the policy statement of the Sentencing Commission, which provides that "extraordinary and compelling reasons" may exist in certain specific circumstances.[55] However, the policy statement is "not binding" on courts evaluating motions filed by defendants under 18 U.S.C. § 3582(c)(1)(A).[56]

### C. Discussion

1. <u>Mosley has exhausted his administrative remedies.</u>

As a threshold matter, the record shows that Mosley has exhausted his administrative remedies as required by 18 U.S.C. § 3582(c)(1)(A). The Court may consider the Motion only if Mosley has "fully exhausted all administrative rights to appeal," or if thirty days have lapsed since BOP has received a request for compassionate release from him.[57] It is clear that "the § 3582(c)(1)(A)'s administrative exhaustion requirement is mandatory and must be enforced when properly raised by the government."[58] Here, Mosley submitted a sentence reduction request to the Warden of FCI Beckley on August 8, 2023, received no response, and then filed his *pro se* and amended Motions on March 25, 2024, and March 27, 2024—more than thirty days after submitting the request to the Warden.[59] Thus, the record reflects that Mosley has exhausted his administrative remedies, and the Court may proceed to consider the merits.

2. <u>Mosley is not eligible for a sentence reduction under Amendment 821.</u>

Moving to the merits, the Court finds that Mosley is not eligible for a sentence reduction under Amendment 821. Mosley committed the offense conduct while on probation and received two

---

[53] *See United States v. Chen*, 48 F.4th 1092, 1098 (9th Cir. 2022) (confirming that district courts may consider non-retroactive changes in sentencing law, in combination with other factors, in determining whether there are extraordinary and compelling reasons to grant a sentence reduction); *United States v. Roper*, 72 F.4th 1097, 1099 (9th Cir. 2023) (holding that district courts may consider non-retroactive changes in post-sentencing law to determine whether extraordinary and compelling reasons exist).
[54] U.S.S.G. § 1B1.13(b)(5).
[55] U.S.S.G. § 1B1.13. The Ninth Circuit has held that the current version of U.S.S.G. § 1B1.13 is "not an applicable policy statement for 18 U.S.C. § 3582(c)(1)(A)." *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (per curiam) (internal quotation marks omitted). The Ninth Circuit also concluded that a "dangerousness finding is not statutorily required under 18 U.S.C. § 3582(c)(1)(A)(i)[.]" *Id.* at 799.
[56] *Aruda*, 993 F.3d at 802 (agreeing with and adopting the rationale from *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020) (holding that U.S.S.G. § 1B1.13 is not binding on courts considering motions filed by defendants under 18 U.S.C. § 3582(c)(1)(A))).
[57] 18 U.S.C. § 3582(c)(1)(A).
[58] *United States v. Keller*, 2 F.4th 1278, 1282 (9th Cir. 2021).
[59] Dkt. 57 at 5; Dkt. 63 at 1.

additional status points to his criminal history, resulting in a criminal history score of eight and a guideline range of 70 to 87 months.[60] Under 18 U.S.C. § 3582(c)(2), and retroactively applying Amendment 821, Mosley instead would have received a criminal history score of six and a guideline range of 57 to 71. However, the statute of conviction carried a mandatory minimum of ten years, so Mosely's original mandatory minimum sentence would not be affected by a changed guideline range. Therefore, Mosley is not eligible for a sentence reduction under Amendment 821.

3. <u>Subsequent changes in U.S. DOJ charging policy do not produce an extraordinary and compelling reason for release.</u>

The Court also rejects Mosley's argument that subsequent changes in DOJ policy result in a sentencing disparity warranting his release. Mosley cites to a DOJ December 2022 memorandum "direct[ing] DOJ prosecutors to exercise restraint when seeking statutory sentence enhancements . . . for non-violent drug offenders" and providing a list of four criteria where "recidivist statutory sentence enhancement may be inappropriate":

1. The defendant's relevant conduct does not involve the use of violence, the direction to another to use violence, the credible threat of violence, the possession of a weapon, the trafficking of drugs to or with minors, or the death or serious bodily injury of any person;

2. The defendant does not have a significant managerial role in the trafficking of significant quantities of drugs;

3. The defendant does not have significant ties to a large-scale criminal organization or cartel, or to a violent gang; and

4. The defendant does not have a significant history of criminal activity that involved the use or threat of violence, personal involvement on multiple occasions in the distribution of significant quantities of illegal drugs, or possession of illegal firearms.[61]

Mosley further argues that even where a defendant does not satisfy all of these criteria, the memorandum encourages prosecutors to "weigh the above considerations . . . to carefully determine . . . whether a mandatory minimum sentence is appropriate" and suggests he is "the kind of offender eligible under current [DOJ] policy for a non-enhanced sentence."[62] However, Mosley acknowledges that his "relevant conduct includes possession of a firearm which was found in his vehicle next to controlled substances."[63] Moreover, Mosley has a significant history of criminal activity, including numerous convictions for theft, drug, and illegal firearms possession, and has

---

[60] *See* Dkt. 25 (Presentence Report).
[61] Dkt. 57 at 13–14 (citing OFF. OF ATTY. GEN., ADDITIONAL DEPARTMENT POLICIES REGARDING CHARGING, PLEAS, AND SENTENCING IN DRUG CASES (2022)).
[62] *Id.* at 14.
[63] *Id.* at 15.

not been deterred from such conduct despite serving long terms of imprisonment.[64] Weighing the above criteria, the Court concludes that the § 851 enhancement was appropriate and therefore subsequent changes in DOJ policy do not create a sentencing disparity constituting an extraordinary and compelling reason for Mosley's release.

Further, as this Court has already held, the § 851 enhancement Mosley received would still apply if he were sentenced today.[65] The enhancement applies when a defendant is convicted pursuant to 21 U.S.C. § 841(b)(1)(B) and the Government files a notice before trial of "a prior conviction for a serious drug felony or serious violent felony."[66] All of these conditions were and continue to be met in this case: Mosley was convicted under 21 U.S.C. § 841(b)(1)(B), at least one of his prior drug-related convictions qualifies as a "serious drug felony," and the Government properly filed an information under § 851 giving notice of these convictions. No intervening changes in the law would prevent imposition of the mandatory minimum sentence Mosley received. Therefore, this argument does not raise an extraordinary and compelling reason for his release.

    4. <u>Mosley's health condition is not an extraordinary or compelling reason for his early release.</u>

Mosley's health issues do not demonstrate extraordinary or compelling reasons warranting early release. Mosley argues that his lupus diagnosis prevents him from caring for himself at FCI Beckley and alleges that BOP is not providing long-term or specialized medical care for his condition, placing his autoimmune system at increased risk.[67] As the Government correctly notes, courts have found lupus to be an extraordinary and compelling reason warranting release.[68] However, on the record before it, the Court is not persuaded that Mosley's lupus diagnosis prevents him from providing self-care or is being inadequately treated long-term.

Mosley requires long-term monitoring for his lupus condition, and it appears that his care is being adequately managed in BOP custody. He has received a rheumatology consultation, is receiving medication for his lupus and related symptoms, and is receiving treatment for pain management;

---

[64] *See* Dkt. 25.
[65] *See* Dkt. 49 at 3–4.
[66] *See* 21 U.S.C. § 841(b)(1)(B); *see also* 21 U.S.C. § 802(57) (defining "serious drug felony" as an offense described in [18 U.S.C. § 924(e)(2)] for which--(A) the offender served a term of imprisonment of more than 12 months; and (B) the offender's release from any term of imprisonment was within 15 years of the commencement of the instant offense"); 18 U.S.C. § 924(e)(2)(A) (defining "serious drug offense" as including "an offense under the Controlled Substances Act (21 U.S.C. 801 et seq.) . . . for which a maximum term of imprisonment of ten years or more is prescribed by law").
[67] Dkt. 57 at 7–11.
[68] Dkt. 64 at 5 (citing *United States v. Russell*, No. 20-cr-45-GF-BMM, 2023 WL 6129013, at *4 (D. Mont. Sep. 19, 2023) (granting compassionate release for possible lupus condition where defendant "ha[d] not received a diagnosis or treatment despite multiple requests for follow-up" and "ha[d] been awaiting a rheumatology consultation" for over a year); *United States v. Sanchez*, No. 18-00140, 2020 U.S. Dist. LEXIS 70802 (D. Conn. Apr. 22, 2020) (granting compassionate release where defendant's lupus diagnosis placed him at increased risk of contracting COVID-19 during height of COVID-19 pandemic)).

-8-

Case 3:17-cr-00100-TMB    Document 67    Filed 06/26/24    Page 8 of 10

has shown improved health during recent clinical encounters; and has a pending request for consultation with an ophthalmologist for medication-related vision problems.[69] Although he reports he was unable to take one of his autoimmune prescriptions for three weeks in November 2023, it appears this was due to a manufacturer shortage and the prescription was again available in late November 2023.[70] Thus, the Court is not convinced that Mosley suffers from a "serious physical or medical condition . . . that substantially diminishes [his] ability . . . to provide self-care" at FCI Beckley,[71] or that "long-term or specialized medical care . . . is not being provided."[72] While the Court is sympathetic to his health concerns, he has not demonstrated that such conditions are extraordinary or compelling reasons to warrant his early release.

Mosley also suggests that his lupus diagnosis places him at heightened risk of contracting COVID-19 within a prison facility.[73] However, he has received a COVID-19 vaccination, he does not report a COVID-19 outbreak at his facility, and the Centers for Disease Control have not identified lupus as an underlying medical condition that heightens this risk.[74] Therefore, based on the record, the Court is not convinced that Mosley's risk of contracting COVID-19 due to his lupus diagnosis is an extraordinary and compelling reason warranting early release.[75]

---

[69] *Id.*; *see* Dkt. 58-1; Dkt. 65-1.

[70] *Id.* at 11; Dkt. 63 at 3.

[71] U.S.S.G. § 1B1.13(b)(1)(B)(i); *see United States v. Miller*, No. 15-CR-00471-CRB-1, 2021 WL 2711728, at *4 (N.D. Cal. July 1, 2021) ("Chronic but manageable medical conditions alone do not constitute extraordinary and compelling circumstances."); *United States v. Burnett*, No. CR17-0029JLR, 2022 WL 2440079, at *5 (W.D. Wash. July 2, 2022) (finding that heart palpitations from hypothyroidism were not extraordinary and compelling reasons for early release); *United States v. Wills*, 541 F. Supp. 3d 1185, 1189 (D. Or. 2021) (finding that BOP's treatment of defendant suffering from high cholesterol, high blood pressure, neuropathy, and chronic back pain considering his increased COVID risk mitigated against early release).

[72] U.S.S.G. § 1B1.13(b)(1)(C).

[73] Dkt. 57 at 9–10.

[74] *Id.* at 10; CDC, *Coronavirus Disease 2019 (COVID-19): People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited June 24, 2024).

[75] *See United States v. Johnson*, No. 216CR00052GMNCWH4, 2020 WL 7643114, at *2 (D. Nev. Dec. 23, 2020) (denying defendant's early release and noting "absence of evidence germane to Defendant's particular condition [lupus] and the threat of COVID-19 fails to demonstrate extraordinary and compelling reasons for Defendant's release from custody"); *United States v. Hart*, No. 1:17-cr-00016-DAK, 2020 WL 6582672 (D. Utah Nov. 10, 2020) (denying early release to defendant with lupus where facility had only eight active cases and defendant had only served less than half his sentence); *but see United States v. Millage*, 464 F. Supp. 3d 1218, 1224 (D. Or. 2020) (granting defendant's early release due to heightened risk associated with lupus condition where defendant served more than 90 percent of sentence and had sufficient release plan); *United States v. Phaouthoum*, No. 14-CR-00042-JST-1, 2020 WL 7863531, at *3 (N.D. Cal. Dec. 31, 2020) (granting early release to defendant with lupus where his institution was experiencing COVID-19 outbreak).

Case 3:17-cr-00100-TMB   Document 67   Filed 06/26/24   Page 9 of 10

5. <u>The § 3553(a) factors weigh against early release.</u>

In considering the § 3553(a) factors, the Court finds that a sentence reduction is not warranted. The underlying offense was serious, involving Mosley possessing and intending to distribute 257.16 grams of heroin while in possession of a firearm. He also has an extensive criminal history, committed the offense conduct while on probation for a similar state offense, and has approximately three years remaining on his mandatory minimum sentence. Given the nature of Mosley's offense and his criminal history, the Court does not find that a sentence reduction would serve the purposes of sentencing in this case, particularly considering the need to protect the public and adequately deter any future criminal acts.

Finding that Mosley has not demonstrated any basis for a sentence reduction, the Court concludes that a sentence reduction is not appropriate.

Accordingly, the Motion at Docket 56 and 57 is **DENIED**.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE:   June 26, 2024.